IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2166-BO

| | | |
|---|---|---|
| DARRYL PAYNE, | ) | |
|           Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JONATHAN MINER, | ) | |
|           Respondent. | ) | |

Darryl Payne is a District of Columbia inmate who is incarcerated at Rivers Correctional Institution ("RCI").[1] Payne filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 (D.E. # 1). On February 18, 2011, Warden Jonathan Miner ("respondent") filed a motion to dismiss or, in the alternative, motion for summary judgment (D.E. # 11).[2] Payne's motion for entry of default is also before the court (D.E. # 13).[3] The matter is ripe for determination.

Because the court has considered matters outside of the pleadings, the motion shall be considered as one for summary judgment. Fed. R. Civ. P. 12(d). Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the

---

[1] Petitioner was sentenced on August 8, 1991, in the D.C. Superior Court, to a period of imprisonment between eight and 26 years. He was also sentenced in Maryland and "paroled to his D.C. sentence on January, 2004[.]"

[2] RCI is a private correctional facility, which contracts with the Federal Bureau of Prisons ("BOP") to house certain offenders. See Mem. Supp. Respt.'s Mot. Summ. J. ("Mem. Supp.")

[3] O March 30, 2011, Payne filed a Motion for Immediate Release" and thereafter, on April 11, 2011, requested that motion's withdrawal. The withdrawal is allowed.

absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A trial court reviewing a summary judgment motion should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita, 475 U.S. at 588.

Petitioner has not properly exhausted the administrative remedies available to him through the Bureau of Prisons. Exhaustion is necessary in a writ of habeas corpus. See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) (holding that proper exhaustion is required in a civil action under the PLRA and in habeas and administrative law); See, e.g., McClung v. Shearin, No. 03-6952, 2004 WL 225093, at *1 (4th Cir. Feb. 6, 2004); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004); Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001). Exhaustion is excusable only upon a showing of cause and prejudice. McClung, 2004 WL 225093, at *1. Furthermore, where administrative remedies are no longer available due to the prisoner's failure to pursue the remedies, procedural default occurs and § 2241 habeas review is unavailable absent a showing of cause and prejudice. McClung, 2004 WL 225093, at *1; Carmona, 243 F.3d at 630, 634-35; Moscato v. Fed'l Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).

The Administrative Remedy Program at RCI, given it is a privately-operated institution, involves two separate procedures depending on the nature of the complaint. The first procedure concerns a prisoner's complaint about RCI policies, procedures, practices, and employees. Prisoners file these complaints on RCI forms and in accordance with RCI procedures. Declaration of Stargel

2

Jernigan, ¶ 5. The second procedure applies to matters directly related to the BOP, including sentence computation, designation and transfer, and prior custody credit. Id. ¶ 6. Prisoners must file their BOP-related complaints on BOP forms and in compliance with the BOP's Administrative Remedy Program, as set forth in BOP Program Statement 1330.16. Id. Both procedures begin with the inmate "speak[ing] with their Unit Counselor regarding their complaint or request." Id. ¶ 8. The RCI Policy and Procedure Manual, provides: "'ALL administrative remedies concerning sentence computation and sentence issues should be sent directly to" the Bureau of Prisons' Designation and Sentence Computation Center in Grand Prairie, Texas. Id.

Petitioner takes issue with the sentence computation, and he must exhaust his available administrative remedies through the BOP's administrative remedy program. Title 28 C.F.R. § 542.10, et seq., sets out the Bureau of Prisons' Administrative Remedy Program. This is a four-step administrative process. 28 C.F.R. §§ 542.10-542.19. Payne has not properly and completely challenged his sentence through the BOP's administrative remedy program. (Dec. Lynnell Cox, ¶¶ 5 - 7). Furthermore, while petitioner has challenged the calculation of his sentence through the administrative process at Rivers, he did not exhaust the BOP remedies as required. Id. ¶ 8; Cox Declaration ¶ 5.

Payne has not presented any viable arguments as to why his failure to exhaust should be excused. He states "[t]he grievance/remedy process at this juncture would seem to frustrate and delany [sic] petitioner's avenue to this Court. . ." He also states that the Declaration of Lynnell Cox illustrates that the process "would seem fruitless" given one grievance was rejected as untimely. Lastly, he argues that the process has "delays" and "stressful avenues." For example, his mail was returned for not having enough postage and for having the wrong address. These

3

arguments do not satisfy the "cause and prejudice" requirements. See, e.g., Beckford v. Martinez, 408 Fed. App'x 518, 520 (3rd Cir. 2010) (denial of grievance appeal as untimely does not constitute cause and prejudice without a showing of cause for his procedural default).

Accordingly, the motion to dismiss or alternatively for summary judgment is GRANTED (D.E. # 10). Petitioner's motion to amend the petition was considered as part of the petition and the motion and is ALLOWED (D.E. # 3). The motion for default and revocation of order requiring partial payment of filing fee is DENIED (D.E. # 7). Lastly, the motion for entry of default (D.E. # 13) shall not be considered given the request to withdraw it (D.E. # 16) which is ALLOWED. The matter is DISMISSED without prejudice for failure to exhaust and the Clerk is DIRECTED to CLOSE the case.

SO ORDERED. This ⎵⎵day of August 2011.

TERRENCE W. BOYLE
United States District Judge